# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**ANGELA ABRAM,**

    **Plaintiff,**

  v.                                    **Civil Action 2:20-cv-5612**
                                           **Judge James L. Graham**
                                           **Magistrate Judge Jolson**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## REPORT AND RECOMMENDATION

This matter is before the Undersigned on Plaintiff's Motion for Leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1). (Doc. 1). Following her initial request to proceed *in forma pauperis*, the Court ordered Plaintiff to submit a supplemental memorandum supporting her request, on or before November 11, 2020. (Doc. 3). In that Order, the Court directed Plaintiff to supply the Court with information on "income she receives from any source, including any government assistance," as well as "a complete list of her monthly expenses, including utilities, groceries, transportation, etc." (*Id*. at 1). As of November 23, 2020, Plaintiff has not submitted a supplemental memorandum.

To proceed *in forma pauperis*, Plaintiff must submit records reflecting that she cannot pay the Court's filing fee without depriving herself the "necessities of life." *Adkins v. E.I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted). Although Plaintiff need not be totally destitute to proceed *in forma pauperis*, paying the filing fee must pose more than a mere hardship. *See Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001) (noting that "the question is whether the court costs can be paid without undue hardship"). Consequently, unless it is clear that the one-time payment of the Court's filing

fee will render Plaintiff unable to provide for herself, the Court cannot grant her *in forma pauperis* status.  *See Adkins*, 335 U.S. at 339.

The Court cannot make this finding here.  Based on the information Plaintiff has provided thus far, it is unclear whether paying the one-time filing fee of $400.00 would impose an undue hardship upon her.  By not filing a supplemental memorandum as ordered, Plaintiff has failed to comply with the Court's directions to supplement the record.  As a result, on the record before it, the Court has no basis to conclude that paying the filing fee in this case would cause Plaintiff to deprive herself the necessities of life.  Accordingly, it is **RECOMMENDED** that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 1) be **DENIED without prejudice**.

## Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date:  November 23, 2020    s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE

3